UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTILO COLIMA BENITEZ,<br><br>         Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary Department of Homeland Security, et. al.,<br><br>         Respondents. | Case No.:  26-cv-1098-BJC-JLB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND PROHIBITING TRANSFER OF PETITIONER** |

  Petitioner Rutilo Colima Benitez, a Mexican National, entered the United States in 2004.  ECF No. 1 ¶¶ 1, 16.  On or about February 9, 2026, Petitioner was detained by Respondents.  *Id*. ¶¶ 2, 17.  He was transported to Otay Mesa Detention Center, where he remains.  *Id*. ¶¶ 2, 17, 18.

  On February 19, 2026, Petitioner filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  This Court set a briefing schedule and issued a limited stay on February 23, 2026.  ECF No. 2.  Respondents filed a return to the petition on March 2, 2026.  ECF No. 4.  Petitioner did not file a traverse.

## LEGAL STANDARD

  Courts may grant habeas corpus relief to those "in custody in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States. *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

## DISCUSSION

Petitioner asserts Respondents are unlawfully and unconstitutionally subjecting him to mandatory detention under 8 U.S.C. § 1225. ECF No. 1 ¶¶ 23-34. He maintains, as a an individual who has resided in the United States for many years, he is not an "applicant for admission" subject to § 1225.

"U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)," and "to detain certain aliens already in the country pending the outcome of removal proceedings under §§ 1226(a) and (c)." *Jennings v. Rodriguez*, 583 U.S. 281, 289, 138 S. Ct. 830, 838, 200 L. Ed. 2d 122 (2018)). Pursuant to § 1225(b), applicants for admission are screened by immigration officers to determine whether the individual is inadmissible under section 8 U.S.C. §§ 1182(a)(6)(C) or 1182(a)(7). 8 U.S.C. § 1225(b)(1). Unless the applicant indicates an intention to apply for asylum, he or she is subject to expedited removal "without further hearing or review." 8 U.S.C. § 1225(b)(1)(A)(i). Those indicating an intention to apply for asylum are submitted to an interview to determine whether they have a credible fear of persecution, and, if so, they are detained for consideration of their application for asylum. 8 U.S.C. § 1225(b)(1)(B). Applicants that are "not clearly and beyond a doubt entitled to be admitted" are detained for immigration proceedings. 8 U.S.C. § 1225(b)(2)(A).

Under § 1226(a), "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C § 1226(a). Pending the decision on whether to remove the alien, the Attorney General may continue to detain the individual or release him or her on bond or conditional parole. *Id*.

At the time of his arrest and detention, Petitioner had been in the United States for several years.  There is nothing demonstrating Petitioner was engaged in any conduct that can be interpreted as "seeking admission" at the time of his arrest and detention.  Accordingly, mandatory detention under § 1225 does not apply to Petitioner.  Because Petitioner was arrested within the interior of the United States, he is subject to § 1226.  The Court finds Petitioner's detention without a bond hearing is unlawful and violated his due process rights.

Accordingly, the Court GRANTS the petition for a writ of habeas corpus in part. Respondents shall hold a bond hearing within fourteen days of this order and cannot deny bond at the hearing based on § 1225.  Respondents are enjoined from transferring Petitioner before a bond hearing takes place.  Petitioner's request for attorneys' fees and costs is DENIED without prejudice to Petitioner filing an appropriate application for fees.  The petition is otherwise denied.  The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated:  March 12, 2026

_____
Honorable Benjamin J. Cheeks
United States District Judge